UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHANE ROBLEY,

    PLAINTIFF,

vs.

BUZZARD ROOST HARBOR, INC. and
BUZZARD ROOST INN, INC.

    DEFENDANTS.

NO. 16-3114

*JURY DEMANDED*

## COMPLAINT

Comes now the Plaintiff, SHANE ROBLEY, by and through undersigned counsel, and for his cause of action against the Defendant would show to the Honorable Court:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Shane Robley, is a citizen and resident of Munford, Tipton County, Tennessee, residing at 31 Parkwood Lane, Munford, TN 38058.

2. The Defendant, Buzzard Roost Harbor, Inc., is an Arkansas corporation with its agent for service of process being Charles Thitoff, Rt. 9, Box 54-K, Mountain Home, AR 72653.

3. The Defendant, Buzzard Roost Inn, Inc., is an Arkansas corporation with its agent for service of process being Dennis Dymek, 4271 Buzzard Roost Road, Mountain Home, AR 72653.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under Arkansas's Civil Rights Act and the Common Law.

6. Plaintiff's causes of action arise from personal injury and damages sustained as a result of the Defendants' negligent maintenance of its premises at its boat dock located in Mountain Home, Baxter County, Arkansas and Defendants' violations of the Americans with Disabilities Act and Arkansas's Civil Rights Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the site of Plaintiff's personal injury and Defendants' violations, which are the subject of this action, are located in this district and that Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

8. The Plaintiff, Shane Robley, is a handicapped individual with physical disabilities. He is a paraplegic who uses a wheelchair for disability.

9. On or about June 17, 2015, Plaintiff was visiting the Defendants' boat dock.

10. Defendants' location is a facility open to the public, a place of public accommodation, and a business establishment.

11. Plaintiff was visiting the Defendant's facilities and was rolling down the dock in his wheelchair when the wheel of Mr. Robley's wheelchair became lodged in a hole on Defendants' ramp causing Mr. Robley to be ejected from his wheelchair and sustaining serious bodily injury.

12. The Defendants' dock where Plaintiff was injured had rotting, dead boards on the ramp that were unsafe for disabled individuals.

13. Defendants appeared to have replaced some rotted boards on the dock's boardwalk where Plaintiff was injured but decided to only replace one dead board and place a piece of plywood over the other rotting, dead wood while leaving an open space/ hole.

14. Defendants did not provide accessible ramp access to its facilities or remove known barriers for disabled individuals.

15. Additionally, upon information and belief, the Plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the Defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the Defendants intended any other configuration, they had the means and ability to make the change.

16. Plaintiff suffered serious injuries to his knee and leg as a result of this incident.

17. That, by reasons stated herein, and as a direct and proximate result thereof, Plaintiff suffered physical harm, serious injuries, mental anguish, and damages.

## CAUSES OF ACTION
### COUNT I - Violation of the Americans With Disabilities Act of 1990

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. Defendant Buzzard Roost Harbor, Inc. is a "private entity" as defined by the Americans with Disabilities Act of 1990.

20. Defendant Buzzard Roost Inn, LLC. is a "private entity" as defined by the Americans with Disabilities Act of 1990.

21. Plaintiff is a disabled and qualified person under the Americans with Disabilities Act of 1990.

22. Defendant Buzzard Roost Harbor, Inc. committed a discrimination offense under the Americans with Disabilities Act by infringing on the Plaintiff's right to the full enjoyment of

any accommodations, advantages, facilities, or privileges of Defendant Buzzard Roost Harbor, Inc. in Mountain Home, Arkansas. Specifically, Defendant Buzzard Roost Harbor, Inc., failed to maintain its facilities in an accessible condition, and failed to comply with the standard *ANSI/BHMA* a156.10-1985 as required by the Department of Justice.

23. Defendant Buzzard Roost Inn, LLC, committed a discrimination offense under the Americans with Disabilities Act by infringing on the Plaintiff's right to the full enjoyment of any accommodations, advantages, facilities, or privileges of Defendant Buzzard Roost Inn, LLC in Mountain Home, Arkansas. Specifically, Defendant Buzzard Roost Inn, LLC, failed to maintain its facilities in an accessible condition, and failed to comply with the standard *ANSI/BHMA* a156.10-1985 as required by the Department of Justice.

24. That Defendants Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, are liable to Plaintiff for compensatory and punitive damages, and for attorney's fees because of its act of discrimination against the Plaintiff under the Americans with Disabilities Act of 1990.

### COUNT II - Violation of the Arkansas Civil Rights Act of 1993

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Defendants Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, in Mountain Home, Arkansas are a "place of public resort, accommodation, assemblage, or amusement" as defined in the Arkansas Civil Rights Act of 1993. A.C.A. §16-123-102 (2007).

27. Defendants Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, committed a discrimination offense as defined by the Arkansas Civil Rights Act of 1993 by infringing on the Plaintiff's right to the full enjoyment of any accommodations, advantages, facilities, or privileges of Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, in Mountain Home, Arkansas. Specifically, Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, failed to

maintain its facilities in an accessible condition and failed to comply with industry standards relating to its boat dock.

28. That Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, is liable to Plaintiff for compensatory and punitive damages, and for attorney's fees because of its act of discrimination against the Plaintiff under the Arkansas Civil Rights act of 1993.

## COUNT III - Negligence

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. Defendants' boat dock was defective and dangerous beyond the expectations of ordinary consumers, including the Plaintiff, Mr. Robley.

31. That Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC are responsible for maintaining the boat dock, and they negligently failed to maintain the boat dock in a safe manner.

32. That as a commercial boat dock, Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, owed a legal duty to the Plaintiff.

33. That Defendants, Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, breached their duty of care owed to the Plaintiff.

34. That Plaintiff has suffered substantial damages because of the negligence of Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC.

35. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Arkansas Civil Rights Act to provide safe, convenient, and accessible facilities to the Plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

36. That Buzzard Roost Harbor, Inc. and Buzzard Roost Inn, LLC, is liable to Plaintiff for violations of tort law under the Common Law.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, YOUR PLAINTIFF PRAYS:

1. That proper process be issued and served upon the Defendants, requiring the Defendants to appear and answer this Complaint within the time required by law;

2. That compensatory damages in an amount not to exceed one million ($1,000,000.00) dollars be awarded to the Plaintiff and against Defendants for his severe emotional and physical pain and suffering, emotional distress and mental anguish, medical expenses- past, present and future, therapy- past, present and future, loss of enjoyment of life, inconvenience, and compensatory and liquidated damages to Plaintiff;

3. That the Court award the Plaintiff punitive damages in an amount not to exceed two Million Dollars ($2,000,000.00) or such other amount as the jury deems appropriate and necessary to punish the Defendants for their intentional, reckless, and outrageous conduct and actions, to deter the Defendants from engaging in similar conduct in the future against other disabled individuals and their families;

4. That the Plaintiff be allowed to amend the *ad damnum*;

5. Plaintiff demands a jury to hear this case;

6. That court costs, attorney fees, and pre and post judgment interest be awarded to Plaintiff and against Defendant pursuant to 42 U.S.C. § 12205, Arkansas Civil Rights Act or other relevant law; and that Plaintiff be awarded such other general and specific relief to which the Plaintiff may justly be entitled at law or in equity.

Respectfully submitted,
SHANE ROBLEY

By: _____
Bryan R. Huffman, Ark. Bar No. 2004154
HUFFMAN LAW FIRM, PLLC
P.O. Box 944
Covington, TN 38019
(901) 726-3854
(901) 726-3539 (Facsimile)
bryan@huffmanfirm.com